1527

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 10-160 |
| | ) | (26 U.S.C. §7201) |
| v. | ) | |
| | ) | |
| DAVID P. ALAN | ) | |

INDICTMENT

COUNT ONE

**FILED**

AUG 1 1 2010

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

The grand jury charges that:

On or about April 15, 2002, in the Western District of Pennsylvania, the defendant, DAVID P. ALAN, a resident of Rices Landing, Pennsylvania, who during the calendar year 2001 was married, did willfully attempt to evade and defeat a large part of the income tax due and owing by him and his spouse to the United States of America for the calendar year 2001, by preparing and causing to be prepared, and by signing and causing to be signed, a false and fraudulent joint U.S. Individual Income Tax Return, Form 1040, on behalf of himself and his spouse, which was filed with the Internal Revenue Service. In that return, it was stated that their joint taxable income for the calendar year was the sum of $20,254 and that the amount of tax due and owing thereon was the sum of $3,041. In fact, as he then and there knew, their joint taxable income for the calendar year was the sum of $148,785, upon which joint taxable income there was owing to the United States of America an income tax of $35,852.

In violation of Title 26, United States Code, Section 7201.

## COUNT TWO

The grand jury further charges:

On or about April 16, 2004, in the Western District of Pennsylvania, the defendant, DAVID P. ALAN, a resident of Rices Landing, Pennsylvania, who during the calendar year 2002 was married, did willfully attempt to evade and defeat a large part of the income tax due and owing by him and his spouse to the United States of America for the calendar year 2002, by preparing and causing to be prepared, and by signing and causing to be signed, a false and fraudulent joint U.S. Individual Income Tax Return, Form 1040, on behalf of himself and his spouse, which was filed with the Internal Revenue Service. In that return, it was stated that their joint taxable income for the calendar year was the sum of $38 and that the amount of tax due and owing thereon was the sum of $4. In fact, as he then and there knew, their joint taxable income for the calendar year was the sum of $242,740, upon which joint taxable income there was owing to the United States of America an income tax of $66,898.

In violation of Title 26, United States Code, Section 7201.

## COUNT THREE

The grand jury further charges that:

During the calendar year 2003, the defendant, DAVID P. ALAN, a resident of Rices Landing, Pennsylvania, who was married, had and received taxable income in the sum of $214,756.00. Upon that taxable income, there was owing to the United States of America an income tax of $52,019.00. Well knowing and believing the foregoing facts, the defendant, DAVID P. ALAN, from on or about August 15, 2004 through on or about July 21, 2005, in the Western District of Pennsylvania, did willfully attempt to evade and defeat the income tax due and owing by himself and his spouse to the United States of America for the calendar year 2003 by failing to make an income tax return on or before August 15, 2004, as required by law, to any proper officer of the Internal Revenue Service, by failing to pay to the Internal Revenue Service the income tax, and by:

> a) the defendant, DAVID P. ALAN, using a foreign corporate agent and trust management company, established and controlled an offshore trust which incorporated an offshore shell corporation called Dynasty in Nevis and opened offshore bank accounts for Dynasty in Nevis;

> b) the defendant, DAVID P. ALAN, had a mail drop opened in Canada for Dynasty;

> c) the defendant, DAVID P. ALAN, directed the employees of Pouvoir, his optical partnership business, to order supplies from suppliers/vendors, normally used by Pouvoir, who would agree to bill his "billing company," Dynasty, in Canada;

3

d) the defendant, DAVID P. ALAN, directed his suppliers/vendors to send their invoices for his business orders to the Dynasty mail drop in Canada, which forwarded them back to him in Pennsylvania;

e) the defendant, DAVID P. ALAN, had others collect the invoices from Pouvoir's true suppliers/vendors;

f) using the suppliers' invoices he collected, the defendant, DAVID P. ALAN, created, and caused to be created by others, false invoices from Dynasty marking up the cost of the supplies ordered from Pouvoir's true suppliers/vendors by a multiple of approximately 2.2;

g) the defendant, DAVID P. ALAN, then paid, and caused to be paid, the false invoices from Dynasty with proceeds from the operation of Pouvoir which were held in its business bank accounts;

h) the defendant, DAVID P. ALAN, directed that Pouvoir payments for the inflated Dynasty invoice amounts be sent to a foreign corporate agent and trust management company so that the funds could then be deposited into offshore bank accounts titled in the name of Dynasty in Nevis;

i) the defendant, DAVID P. ALAN, directed his true suppliers/vendors to obtain payment for the original invoice price of the supplies Pouvoir ordered using offshore credit cards titled in the names of the defendant, DAVID P. ALAN, and Dynasty which were funded by deposits of funds taken from the offshore bank account titled in the name of Dynasty in Nevis;

j) the defendant, DAVID P. ALAN, created, and caused to be created, and possessed, and caused to be possessed, on July 21, 2005, false books and records for his business when he directed that the inflated price paid to Dynasty be recorded and used as the cost of Pouvoir's business supplies in its accounting books and records;

4

k) the defendant, DAVID P. ALAN, created in draft form a partnership income tax return form 1065 for the calendar year 2003, which utilized the inflated cost of goods sold deductions from Dynasty to severely reduce and/or eliminate any taxable income from Pouvoir to be passed through to him and his wife, as the partners of this business;

l) the defendant, DAVID P. ALAN, created in draft form an individual joint income tax form 1040 for the calendar year 2003 which concealed from all proper officers of the United States his and his spouse's true and correct income from Pouvoir;

m) the defendant, DAVID P. ALAN, obtained access to leftover funds contained in the Dynasty offshore bank account for personal expenditures through an offshore credit card that was funded from the Nevis bank account titled in the name of Dynasty;

n) the defendant, DAVID P. ALAN, on July 21, 2005, made a false and misleading statement to agents of the IRS CI that Dynasty was a vendor from whom Pouvoir purchased supplies;

o) the defendant, DAVID P. ALAN, on July 21, 2005, made a false and misleading statement to agents of the IRS CI that concealed his association with, and control over, Dynasty and its Nevis bank account;

p) the defendant, DAVID P. ALAN, on July 21, 2005, made a false and misleading statement to agents of the IRS CI that concealed his possession of offshore debit/credit cards used for personal expenditures using funds from the Nevis bank account of Dynasty;

q) the defendant, DAVID P. ALAN, on July 21, 2005, presented agents of the IRS CI with a draft partnership income tax return form 1065 for the calendar year 2003 which he said accurately calculated the cost of goods sold from Pouvoir, when in truth and fact, the form 1065 presented utilized the inflated cost of goods sold deductions from Dynasty to severely reduce and/or eliminate any taxable income

5

from Pouvoir; and

r) the defendant, DAVID P. ALAN, on July 21, 2005, presented agents of the IRS CI with a draft individual joint income tax return form 1040 for the calendar year 2003 which concealed and omitted from all proper officers of the United States his and his spouses true and correct income from Pouvoir.

In violation of Title 26, United States Code, Section 7201.

## COUNT FOUR

The grand jury further charges that:

During the calendar year 2004, the defendant, DAVID P. ALAN, a resident of Rices Landing, Pennsylvania, who was married, had and received taxable income in the sum of $286,394.00. Upon that taxable income, there was owing to the United States of America an income tax of $75,326.00. Well knowing and believing the foregoing facts, the defendant, DAVID P. ALAN, from on or about August 15, 2005, in the Western District of Pennsylvania, did willfully attempt to evade and defeat the income tax due and owing by himself and his spouse to the United States of America for the calendar year 2004 by failing to make an income tax return on or before August 15, 2005 as required by law, to any proper officer of the Internal Revenue Service, by failing to pay to the Internal Revenue Service the income tax, and by:

   a) the defendant, DAVID P. ALAN, using a foreign corporate agent and trust management company, established and controlled an offshore trust which incorporated an offshore shell corporation called Dynasty in Nevis and opened offshore bank accounts for Dynasty in Nevis;

   b) the defendant, DAVID P. ALAN, had a mail drop opened in Canada for Dynasty;

   c) the defendant, DAVID P. ALAN, directed the employees of Pouvoir, his optical partnership business, to order supplies from suppliers/vendors, normally used by Pouvoir, who would agree to bill his "billing company," Dynasty, in Canada;

   d) the defendant, DAVID P. ALAN, directed his suppliers/vendors to send their invoices for

7

his business orders to the Dynasty mail drop
in Canada, which forwarded them back to him in
Pennsylvania;

e) the defendant, DAVID P. ALAN, had others
collect the invoices from Pouvoir's true
suppliers/vendors;

f) using the suppliers' invoices he collected,
the defendant, DAVID P. ALAN, created, and
caused to be created by others, false invoices
from Dynasty  marking up the cost of the
supplies   ordered   from   Pouvoir's   true
suppliers/vendors    by    a    multiple    of
approximately 2.2;

g) the defendant, DAVID P. ALAN, then paid,
and caused to be paid, the false invoices from
Dynasty with proceeds from the operation of
Pouvoir which were held in its business bank
accounts;

h) the defendant, DAVID P. ALAN, directed that
Pouvoir payments for the inflated Dynasty
invoice amounts be sent to a foreign corporate
agent and trust management company so that the
funds could then be deposited into offshore
bank accounts titled in the name of Dynasty in
Nevis;

i) the defendant, DAVID P. ALAN, directed his
true suppliers/vendors to obtain payment for
the original invoice price of the supplies
Pouvoir ordered using offshore credit cards
titled in the names of the defendant, DAVID P.
ALAN, and Dynasty which were funded by
deposits of funds taken from the offshore bank
account titled in the name of Dynasty in
Nevis;

j) the defendant, DAVID P. ALAN, created, and
caused to be created, and possessed, and
caused to be possessed, on July 21, 2005,
false books and records for his business when
he directed that the inflated price paid to
Dynasty be recorded and used as the cost of
Pouvoir's business supplies in its accounting
books and records;

k) the defendant, DAVID P. ALAN, created in

8

draft form a partnership income tax return
form 1065 for the calendar year 2004 which
utilized the inflated cost of goods sold
deductions from Dynasty to severely reduce
and/or eliminate any taxable income from
Pouvoir to be passed through to him and his
wife, as the partners of this business;

l) the defendant, DAVID P. ALAN, created in
draft form an individual joint income tax form
1040 for the calendar year 2004 which
concealed from all proper officers of the
United States his and his spouse's true and
correct income from Pouvoir;

m) the defendant, DAVID P. ALAN, obtained
access to leftover funds contained in the
Dynasty offshore bank account for personal
expenditures through an offshore credit card
that was funded from the Nevis bank account
titled in the name of Dynasty;

n) the defendant, DAVID P. ALAN, on July 21,
2005, made a false and misleading statement to
agents of the IRS CI that Dynasty was a vendor
from whom Pouvoir purchased supplies;

o) the defendant, DAVID P. ALAN, on July 21,
2005, made a false and misleading statement to
agents of the IRS CI that concealed his
association with, and control over, Dynasty
and its Nevis bank account;

p) the defendant, DAVID P. ALAN, on July 21,
2005, made a false and misleading statement to
agents of the IRS CI that concealed his
possession of offshore debit/credit cards used
for personal expenditures using funds from the
Nevis bank account of Dynasty;

q) the defendant, DAVID P. ALAN, on July 21,
2005, presented agents of the IRS CI with a
draft partnership income tax return form 1065
for the calendar year 2004 which he said
accurately calculated the cost of goods sold
from Pouvoir, when in truth and fact, the form
1065 presented utilized the inflated cost of
goods sold deductions from Dynasty to severely
reduce and/or eliminate any taxable income

from Pouvoir; and

r) the defendant, DAVID P. ALAN, on July 21, 2005, presented agents of the IRS CI with a draft individual joint income tax return form 1040 for the calendar year 2004 which concealed and omitted from all proper officers of the United States his and his spouse's true and correct income from Pouvoir.

In violation of Title 26, United States Code, Section 7201.

A True Bill,

_____
FOREPERSON

_____
ROBERT S. CESSAR
Acting United States Attorney
PA ID No. 47736